George **LARDNER**, Appellee

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Appellant.**

No. 09–5337.

United States Court of Appeals, District of Columbia Circuit.

Oct. 28, 2010.

Allison M. Zieve, Adina Hyman Rosenbaum, Public Citizen Litigation Group, Washington, DC, for Appellee.

W. Mark Nebeker, Assistant U.S. Attorney, R. Craig Lawrence, John S. Koppel, Leonard Schaitman, U.S. Department of Justice, U.S. Attorney's Office, Washington, DC, for Appellant.

Before: GINSBURG, ROGERS and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(d). For the reasons presented in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the grant of summary judgment by the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

The district court granted partial summary judgment to appellee, ruling that the Office of the Pardon Attorney ("OPA") was required under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to release the list of the names prepared by the White House of persons whose pardon or commutation applications had been denied by the President. *Lardner v. U.S. Dep't of Justice*, 638 F.Supp.2d 14 (D.D.C.2009)("*Lardner II*"). It rejected appellee's argument that collateral estoppel applied because it found that the current FOIA request differed materially from an earlier FOIA request in *Lardner v. U.S. Dep't of Justice*, Civ. Act. No. 03–0180, 2005 WL 758267 (D.D.C. Mar.31, 2005)("*Lardner I*"). It also rejected appellant's reliance on FOIA Exemptions 6 and 7(C).

Appellant contends that the district court unwarrantedly discounted the privacy interests of unsuccessful clemency applicants, most of whom were not prosecuted in cases that engendered substantial public interest. Such "practical obscurity," *U.S. Dep't of Justice v. Reporters' Comm. for Freedom of the Press*, 489 U.S. 749, 780, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), it maintains, would be lost if their identities were disclosed, and disclosure would create a stigma that could undermine the public interest in their rehabilitation. Appellant further suggests that it is unlikely disclosure of the list of names would serve the public interest by shedding light on what the government is up to, doubting appellee's assertion that such disclosure would help to elucidate the extent to which inappropriate ethnic considerations may infect the pardon process. Finally, appellant contends that the list of names is covered by Exemption 7(C) because " 'the determination whether to grant a pardon has clear law enforcement implications.' " Appellant's Br. 18 (quoting *Binion v. U.S. Dep't of Justice*, 695 F.2d 1189, 1194 (9th Cir.1983)).

Upon *de novo* review, we affirm for the reasons given in the district court's opinion. The district court's balancing of the interests under Exemption 6 and its reasons for rejecting appellant's arguments in support of withholding disclosure of the list of names are persuasive. Appellant's

reliance on *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 365 F.3d 1108 (D.C.Cir. 2004), in support of its Exemption 6 claim, is misplaced; in that case the FOIA applicant requested individual pardon applications, "including non-public personal information about the applicants and their lives before and after their convictions," *id.* at 1125. Appellee does not seek disclosure of the contents of the applications. Moreover, as the district court observed, *Lardner II,* 638 F.Supp.2d at 25, appellant's confidentiality and stigma concerns are undermined by OPA's procedures whereby written advice to applicants states that OPA reserves the right to release information to neighbors and employers, among others, in the course of investigating an applicant's suitability for a pardon or commutation of sentence, and by OPA's regulations that advise applicants that certain information in their applications will be released when a third party inquires "concerning a specific, named person," 67 Fed. Reg. 66,417, 66,418 (Oct. 31, 2002); *see also* 28 C.F.R. § 50.2 (2010). The incremental value of the withheld information, *see Schrecker v. U.S. Dep't of Justice,* 349 F.3d 657, 661 (D.C.Cir.2003), is not speculative in view of the Inspector General's Report on whether impermissible considerations played a role in pardon determinations.

The requested list of names is also not a law enforcement record under Exemption 7(C). There is a distinction between the list of the names of persons denied a pardon or commutation of sentence itself and the records compiled as part of OPA's investigation. The requested list of names prepared by the White House is designed to inform OPA of the President's determinations; it is not information compiled for law enforcement purposes coming from OPA's investigative records. *See FBI v. Abramson,* 456 U.S. 615, 624, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982). Appellant conceded in the district court that the requested list of names exists independently of the investigative file on any applicant. *See Lardner II,* 638 F.Supp.2d at 32. Appellant's reliance on *Binion,* 695 F.2d at 1194, is misplaced; that case addressed the release of confidential information compiled by the FBI in investigating pardon applications. The list of names prepared by the White House is unrelated to any law enforcement investigation that might be prejudiced by its release. *See John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 154, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989); *Pratt v. Webster,* 673 F.2d 408 (D.C.Cir.1982). Finally, appellant makes no argument here that release of the list of names would implicate national security, *see Mittleman v. OPM,* 76 F.3d 1240, 1243 (D.C.Cir.1996), or that the information is protected under FOIA exemption 5 by the presidential communications privilege, *see Loving v. DOD,* 550 F.3d 32, 39–40 (D.C.Cir.2008).